UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| AMANDA SUE DILTZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil No._____<br>) Formerly Case No. C-02-CV-19-002489<br>) Circuit Court of Maryland for<br>) Anne Arundel County |
| CHRISTOPHER A. ASHTON, et al., | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1331, 1441(a), and 1446, Defendants Mid-Atlantic Military Family Communities, LLC and LPC Property Management, LLC ("Defendants"), by their undersigned counsel, hereby notice the removal of this action to the United States District Court for the District of Maryland. As grounds for removal, Defendants state:

1. On August 8, 2019, Plaintiff Amanda Diltz ("Plaintiff") commenced this action against Defendants Christopher Ashton and Janna Ashton ("Ashton Defendants") by filing a Complaint in the Circuit Court for Anne Arundel County. Plaintiff's Complaint was assigned Case No. 02-CV-19-002489 (hereafter the "State Court Action").

2. On or about December 13, 2019, Plaintiff filed an Amended Complaint, adding Defendants Mid-Atlantic Military Family Communities, LLC and LPC Property Management, LLC ("Defendants") to the State Court Action.

3. On or about December 31, 2019, Defendants were served, via certified mail upon its resident agent in Delaware, with copies of the Summons and Amended Complaint.

4. Removal of this action is proper based on this Court's federal question jurisdiction under 28 U.S.C. section 1331.

1

5.      The events alleged in this Complaint occurred at 2 Sellers Road, Annapolis, Maryland, military housing that is part of a community known as Arundel Estates. Arundel Estates, owned by the United States Navy, is a federal enclave and this Court therefore has jurisdiction under 28 U.S.C. section 1331. *See, e.g., Colon v. United States,* 320 F. Supp. 3d 733, 745 (D. Md. 2018) ("The United States acquires exclusive jurisdiction over a federal enclave if it acquires the land by consent of the state legislature."); *Federico v. Lincoln Military Hous.,* 901 F. Supp. 2d 654, 664 (E.D. Va. 2012) (upholding removal of tort claim to federal court where the tort allegedly occurred on military housing); *Akin v. Ashland Chemical Co.,* 156 F.3d 1030, 1033 (10th Cir. 1998) ("Personal injury action which arise from incidents occurring on federal enclaves may be removed to federal district court as part of federal question jurisdiction").

6.      Authority for federal enclave jurisdiction arises from Article I, section 8, clause 17 of the United States Constitution, which provides in relevant part that "Congress shall have power… to exercise exclusive Legislation…over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings." U.S. Const., Art. I § 8, cl. 17.

7.      Courts, including in the Fourth Circuit, routinely interpret the Enclave Clause to permit removal of tort claims filed in state court if the alleged tort was committed on a federal enclave. For example, in *Federico v. Lincoln Military Housing,* a military sergeant alleged that he was exposed to mold and excessive moisture conditions while residing on military housing owned by the United States Navy, land located on a federal enclave, where there was concurrent jurisdiction. *Federico,* 901 F. Supp. 2d at 673. The defendants removed the case based on federal enclave jurisdiction. *Id.* The district court upheld the removal, finding that there was a substantial

federal interest because the "Navy's financial interests will be directly affected by the outcome of the litigation." *Id.* at 675.

8. Similarly, several other circuits have interpreted the Enclave Clause to permit removal of tort claims filed in state courts. For example, in *Akin v. Ashland Chemical Co.,* several air force employees brought toxic tort claims against certain manufacturers of asbestos in state court, alleging that they were exposed to asbestos at an air force base located in Oklahoma City. *Akin,* 156 F.3d 1030, 1033 (10th Cir. 1998). The Tenth Circuit upheld defendants' removal of the case, finding that "personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as part of federal question jurisdiction." *Id.* at 1034. *See, also, Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1250 (9th Cir. 2006) ("Federal courts have federal question jurisdiction over tort claims that arise on federal enclaves.")

9. In this case, all of the acts alleged in the Complaint occurred on a federal enclave owned by the United States of America, Department of the Navy ("Navy"). At the time of the incident, Plaintiff resided in military housing located at 2 Sellers Road, Annapolis, Maryland, which is part of the Arundel Estates neighborhood. *See* Complaint, at ¶ 5. The Ashton Defendants also resided in military housing located at 10 Sellers Road, Apt. D, as Mr. Ashton is an active duty member of the armed forces. Plaintiff has asserted various tort claims, alleging that she sustained injuries when she was bitten by a dog at her residence, which is located on a federal enclave. *See* Complaint, at ¶ 5, 8. All events giving rise to liability occurred in the Arundel Estates neighborhood and in fact occurred almost exclusively at Plaintiff's home in that military housing community. Accordingly, there is a substantial federal interest in this litigation because the Navy's financial interest will be affected by the outcome of this litigation.

10. This Court also has supplemental jurisdiction under 28 U.S.C. section 1367 over Plaintiff's state law claims, including Plaintiff's allegation of strict liability under Md. Code, Cts. & Jud. Proc. Article, 3-901 (c). This Court may exercise pendent jurisdiction over state law claims where the Court already has jurisdiction over a federal claim, if the federal and state claims derive fro ma common nucleus of operative facts and the claims are such that they should be tried in one judicial proceeding. *See, e.g., United Mine Workers v. Gibbs,* 383 U.S. 715 (1966).

11. In this case, Plaintiff's strict liability claim derives from a common nucleus of operative facts— specifically, Plaintiff's strict liability derive from the alleged tortious conduct of Defendants that occurred entirely on Arundel Estates, which is a federal enclave that is subject to federal jurisdiction. Accordingly, this Court has supplemental jurisdiction over Plaintiff's strict liability claim.

12. Pursuant to 28 U.S.C. section 1441 (a), any civil action over which the federal courts have original jurisdiction, but which is brought in state court, may be removed to the district court of the United States that embraces the place where such action is pending. This removal is to the district court of the United States for the district and division that includes the District of Maryland, the jurisdiction where the State Court Action is pending.

13. This Notice of Removal is being filed within 30 days after Defendants were served with a summons and copy of the Amended Complaint in this action. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446 (b)(2)(C).[1]

14. The Ashton Defendants consent to this removal. Therefore, all Defendants consent to this removal.

15. Pursuant to 28 U.S.C. section 1446 (a), a true and legible copy of all process,

---

[1] 28 U.S.C. §1446(b)(2)(C) provides that, "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier served defendant may consent to the removal even though that earlier served defendant did not previously initiate or consent to removal."

4

pleadings, and orders served in the State Court Action as of this date are attached hereto as **Exhibit A**.

16. A Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, is being filed on this date with the Clerk of the Circuit Court for Anne Arundel County, and is being served on Plaintiff's counsel as required by 28 U.S.C. section 1446 (d). A copy (without attachments) of the Notice of Filing of Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.

WHEREFORE, Defendants Mid-Atlantic Military Family Communities, LLC and LPC Property Management, LLC ("Defendants") respectfully request that this Notice of Removal be accepted and that the State Court Action be removed to the United States District Court for the District of Maryland.

Respectfully submitted,

*/s/ Ifeanyi O. Ezeigbo*
J. Christopher Nosher, Esq. (Bar No. 28825)
Ifeanyi O. Ezeigbo, Esq. (Bar No. 20658)
Bonner Kiernan Trebach & Crociata, LLP
One Park Place, Suite 245
Annapolis, Maryland 21401
Tel: (443) 263-2800
Fax: (443) 263-2935
Email: cnosher@bonnerkiernan.com
Email: iezeigbo@bonnerkiernan.com
*Counsel for Defendants Mid-Atlantic Military Family Communities, LLC and LPC Property Management, LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **AMANDA SUE DILTZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil No._____ |
| **v.** ) | Formerly Case No. C-02-CV-19-002489 |
| ) | Circuit Court of Maryland for |
| **CHRISTOPHER A. ASHTON, et al.,** ) | Anne Arundel County |
| ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of January, 2020, a copy of the foregoing Notice of Removal was mailed first class, postage prepaid, to:

Allen W. Cohen
Cohen & Greene, P.A.
156 South Street
Annapolis, Maryland 21401
(410) 268-4500
awcohen@cohenandgreene.com
*Attorney for Plaintiff*

Christopher L. Beard, Esq.
170 West Street, P.O. Box 2271
Annapolis, Maryland 21401
(410) 267-0227
chris@attorneybeard.com
*Attorney for Defendants Christopher and Janna Ashton*

Respectfully submitted,

*/s/ Ifeanyi O. Ezeigbo*
J. Christopher Nosher, Esq. (Bar No. 28825)
Ifeanyi O. Ezeigbo, Esq. (Bar No. 20658)
Bonner Kiernan Trebach & Crociata, LLP
One Park Place, Suite 245
Annapolis, Maryland 21401
Tel:  (443) 263-2800

6

Fax: (443) 263-2935
Email: cnosher@bonnerkiernan.com
Email: iezeigbo@bonnerkiernan.com
*Counsel for Defendants Mid-Atlantic Military Family Communities, LLC and LPC Property Management, LLC*